**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| RUSSELL SMITH, <br><br>    Plaintiff, <br><br> v. <br><br> PROSPER MARKETPLACE, INC., EQUIFAX INFORMATION SERVICES, LLC., TRANSUNION LLC., AND EXPERIAN INFORMATION SOLUTIONS, INC. <br>   Defendant(s). | Civil Action No: 3:22-cv-232 <br><br><br> **COMPLAINT** <br><br><br><br> **DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff RUSSELL SMITH ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and bring this *Complaint* against Defendants PROSPER MARKETPLACE, INC. ("Prosper), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), TRANSUNION, LLC ("TransUnion"), and EXPERIAN INFORMATION SERVICES, INC ("Experian") collectively referred to as the ("Defendants"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## PREMLIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

## JURISDICTION & VENUE

2. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES AND SERVICE

5.      Plaintiff is a resident of Galveston County, Texas.

6.      At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**Prosper Marketplace, Inc.**

7.      Defendant Prosper is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b).

8.      Defendant Prosper is a limited liability company duly authorized and qualified to do business in the State of Texas and can be served with a copy of this *Petition* along with the *Citation* upon its registered agent Corporation Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

9.      Defendant Prosper meets the definition of a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**Equifax Information Services, LLC**

10.     Defendant Equifax Information Services, LLC., is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia company registered to do business in the State of Texas and may be served with process upon C.T. Corporation System, its registered agent for service of process, at 211 E. 7th Street Suite 620 Austin, Texas 78701.

11.     At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for

the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

12.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**TransUnion, LLC**

13.     Defendant TransUnion is a consumer reporting agency under 15 U.S.C. § 1681a(f) and can be served with process upon The Prentice-Hall Corporation System, its registered agent for service of process at 211 E. 7th St., Ste 620, Austin, TX 78701.

14.     At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

15.     At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

**Experian Information Solutions, Inc.**

16.     Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio company registered to do business in the State of Texas and may be served with process upon C.T. Corporation System, its registered agent for service of process, 1999 Bryan Street Suite 900 Dallas, Texas 75201.

17.     At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

18.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

19.     As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## FACTUAL ALLEGATIONS

20.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Prosper's Violation of the FCRA

21.      This matter arises from a personal loan with Prosper belonging to the Plaintiff.

22.     On or about April 3, 2020, Plaintiff signed a Settlement Agreement (Agreement) with Prosper to pay lower monthly payments over 24 months totaling $8,966 to pay off the loan. See Exhibit A.

23.     Plaintiffs account had been marked as paid on time the months prior to Plaintiff entering into the Agreement.

24.     For the duration of the pay period as outlined in the Agreement, Plaintiff had made timely payments in full to Defendant Prosper. See Exhibit B.

25.     Following the completion of the Agreement, Prosper sent Plaintiff an account overview and a "Settled in Full" letter advising Plaintiff that "We have received your payments totaling $8,966.00 for the above-referenced loan. We now consider this loan to be "paid" pursuant to the settlement agreement, with zero remaining balance." See Account Overview, Exhibit C.

26.     Despite this, Defendant Prosper has erroneously and inaccurately reported the account Payment History as "Past Due" on his Experian, Equifax, and TransUnion reports since March of 2020. See Exhibit D.

27.     Plaintiff disputed the account with Prosper and they informed him that the credit reporting was based on the original agreement terms despite the fact that entered into a new Agreement with Prosper on April 3, 2020 which lowered his monthly payment obligation, which were timely paid each month until there was a zero-balance remaining as reflected in Exhibits B and C.

28.     Plaintiff has made several disputes relating to the Prosper account with Experian, Equifax, and TransUnion.

29.     Prosper conducted an investigation in regards to the Prosper account and certified the information to Equifax, Experian, and TransUnion as verified as accurate.

30.     Prosper's furnishing or publishing of inaccurate reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise superior terms.

31.     Prosper's erroneous reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to obtain financing.

32.     As a result of Prosper's conduct, Plaintiff's credit score and credit history suffered and continues to suffer as a result of the inaccurate information on Plaintiff's credit file in addition to mental anguish, distress, and frustration and inability to obtain financing.

33.     Plaintiff has been injured a with series of credit denials

34.     Plaintiff has been injured a with series of credit denials and increased interest rates due to Prosper's erroneous credit reporting.

<u>Equifax's Violation of the FCRA</u>

35.     Plaintiff has made several disputes relating to the Prosper account with Equifax.

36.     Equifax conducted its re-investigation and verified the Prosper account reporting as accurate and continued reporting and disseminating credit reports. See Exhibit E.

37.     Equifax continues to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

38.     Despite the dispute by Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Equifax did not evaluate, reevaluate, or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

39.     In the alternative, Equifax failed to contact Prosper and therefore failed to perform any investigation at all.

40.     In the alternative it is alleged that Equifax did forward some notice of the dispute to Prosper and Prosper failed to conduct a lawful investigation.

41.     Equifax's furnishing or publishing of inaccurate reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise standard terms.

42.     Equifax's erroneous reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to obtain financing.

43.     As a result of Equifax's conduct, Plaintiff's credit score and credit history suffered and continues to suffer as a result of the inaccurate information on Plaintiff's credit file in addition to mental anguish, distress, and frustration and inability to obtain financing.

44.     Plaintiff has been injured a with series of credit denials and increased interest rates due to Equifax's erroneous or misleading credit reporting.

<u>Experian's Violation of the FCRA</u>

45.     Plaintiff has made several disputes relating to the Prosper account with Experian.

46.     Experian conducted its re-investigation and verified the Prosper account reporting as accurate and continued reporting and disseminating credit reports.

47.     Experian continues to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

48.     Despite the dispute by Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Experian did not evaluate, reevaluate, or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

49.     In the alternative, Experian failed to contact Prosper and therefore failed to perform any investigation at all.

50.     In the alternative it is alleged that Experian did forward some notice of the dispute to Prosper and Prosper failed to conduct a lawful investigation.

51.     Experian's furnishing or publishing of inaccurate reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise standard terms.

52.     Experian's erroneous reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to obtain financing.

53.     As a result of Experian's conduct, Plaintiff's credit score and credit history suffered and continues to suffer as a result of the inaccurate information on Plaintiff's credit file in addition to mental anguish, distress, and frustration and inability to obtain financing.

54.     Plaintiff has been injured a with series of credit denials and increased interest rates due to Experian's erroneous or misleading credit reporting.

<u>TransUnion's Violation of the FCRA</u>

55.    Plaintiff has made several disputes relating to the Prosper account with TransUnion.

56.    TransUnion conducted its re-investigation and verified the Prosper account reporting as accurate and continued reporting and disseminating credit reports. See Exhibit F.

57.    TransUnion continues to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

58.    Despite the dispute by Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, TransUnion did not evaluate, reevaluate, or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

59.    In the alternative, TransUnion failed to contact Prosper and therefore failed to perform any investigation at all.

60.    In the alternative it is alleged that TransUnion did forward some notice of the dispute to Prosper and Prosper failed to conduct a lawful investigation.

61.    TransUnion's furnishing or publishing of inaccurate reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise standard terms.

62.    TransUnion's erroneous reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to obtain financing.

63.    As a result of TransUnion's conduct, Plaintiff's credit score and credit history suffered and continues to suffer as a result of the inaccurate information on Plaintiff's credit file in addition to mental anguish, distress, and frustration and inability to obtain financing.

64.     Plaintiff has been injured a with series of credit denials and increased interest rates due to TransUnion's erroneous or misleading credit reporting.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant Prosper)

65.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

66.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

67.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

68.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

69.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

70.     Prosper violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate the Plaintiff's dispute reported by Equifax, Experian, and TransUnion with respect to the Consumer Debt; by failing to review all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

71.     As a result of the conduct, action, and inaction of Prosper, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

72.     The conduct, action, and inaction of Prosper was willful, rendering Prosper liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

73.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Prosper in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Defendant Prosper)**

74.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

75.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

76.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

77.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

78.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

79.     Prosper is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

80.     After receiving the Dispute Notice, Prosper negligently failed to conduct its reinvestigation in good faith and continued to report the false account.

81.     A reasonable investigation would require a furnisher such as Prosper to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

82.     The conduct, action, and inaction of Prosper was negligent, entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

83.     As a result of the conduct, action, and inaction of the Prosper, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

84.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Prosper in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

**THIRD CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Equifax)**

85.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

86.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

87.     Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

88.     Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

> (1) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

> (2) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

(3) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

(4) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

(5) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

(6) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

(7) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

(8) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

89.     As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

90.     The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

91.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

92.     **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Equifax)**

93.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

94.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

95.    Equifax violated 15 U.S.C. § 168li(a) by failing to delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

96.    Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

> (1) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

> (2) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

> (3) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

> (4) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

> (5) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

> (6) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

(7) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

(8) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

97.     As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

98.     The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

99.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n) and 1681(o).

100.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**FIFTH CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Experian)**

101.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

102.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

103.    Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

104.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

(1)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(2)     The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

(3)     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

(4)     The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

(5)     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

(6)     The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

(7)     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

(8)     The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

105.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

106.    The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

107.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

108.   **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**SIXTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Experian)**

109.   Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

110.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

111.   Experian violated 15 U.S.C. § 168li(a) by failing to delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

112.   Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

(1) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(2) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

(3) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

(4) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

(5) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

(6) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

(7) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

(8) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

113.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

114.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

115.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n) and 1681(o).

116.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to TransUnion)

117.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

118.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

119.    Trans Union violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning the Plaintiff.

120.    TransUnion has willfully and recklessly failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

> (1) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
>
> (2) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;
>
> (3) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;
>
> (4) The failure to promptly and adequately investigate information which Defendant TransUnion had notice was inaccurate;
>
> (5) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;
>
> (6) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;
>
> (7) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;
>
> (8) The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

121.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

122.    The conduct, action and inaction of TransUnion was willful rendering TransUnion liable for actual, statutory, and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

123.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

124.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against TransUnion, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### EIGHTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to TransUnion)**

125.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

126.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

127.    TransUnion violated 15 U.S.C. § 168li(a) by failing to delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

128.    TransUnion has negligently failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

> (1) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

> (2) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

> (3) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

(4) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

(5) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

(6) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

(7) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

(8) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

129.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

130.    The conduct, action and inaction of TransUnion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

131.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n) and 1681(o).

**WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against TransUnion, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

2. For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

3. For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

4. For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

5. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

6. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

7. For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED: June 30, 2022                    Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

/s/ Robert Leach                        .
**Shawn Jaffer**
Bar No.: 24107817
**Allen Robertson**
Bar No.: 24076655
**+Robert Leach**
Texas Bar No. 24103582
5757 Alpha Road Suite 430
Dallas, Texas 75240
T: (214) 494-1871
F: (888) 530-3910
E-mail: attorneys@jaffer.law
***Attorneys for Plaintiff***